FILED

NOT FOR PUBLICATION

MAY 19 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JEFFREY BELDEN HENDERSON, | No. 15-16037 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01830-MHB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Submitted May 16, 2017[**]
San Francisco, California

Before:  THOMAS, Chief Judge, WARDLAW, Circuit Judge, and MORRIS,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

Jeffrey Henderson appeals the district court's decision to remand the case to the Commissioner of Social Security for further proceedings instead of for an award of benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse. Because the parties are familiar with the history and facts of this case, we need not recount them here.

The district court abused its discretion when it remanded the case for further proceedings to allow the administrative law judge ("ALJ") to set forth sufficiently clear explanations for his weighing of the medical source evidence and to support his credibility assessment of Henderson.

If a reviewing court concludes "that the agency erred in some respect in reaching a decision to deny benefits, and the error was not harmless, sentence four of [42 U.S.C.] § 405(g) authorizes the court to revers[e] the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (second alteration in original) (citations and internal quotation marks omitted). Though ordinarily "the proper course [of action] . . . is to remand to the agency for additional investigation or explanation," *id.* (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)), courts may "reverse or modify an administrative decision without remanding the case for further proceedings" in

"appropriate circumstances," *id.* (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177–78 (9th Cir. 2000)); 42 U.S.C. § 405(g). Generally, such "appropriate circumstances" are "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Id.* (quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012)).

We have established a "credit-as-true" rule to determine whether "appropriate circumstances" exist. Under the "credit-as-true" rule, a court asks: (1) whether the record has been fully developed such that further administrative proceedings would serve no useful purpose; (2) whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence; and (3) whether, if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Henderson satisfies all three conditions. The record in this case includes hundreds of pages of medical reports, Henderson's testimony before the ALJ and his responses to written questionnaires, the written testimony of two of his friends, and an assessment of his capacity to do work completed by a treating physician. There is also vocational expert testimony directly addressing whether an individual with Henderson's stated limitations would be able to sustain employment. Given

3

this fully developed record, the admission of more evidence would not be "enlightening," *Treichler*, 775 F.3d at 1101, and "remand for the purpose of allowing the ALJ to have a mulligan [does not qualify] as a remand for a 'useful purpose,'" *Garrison*, 759 F.3d at 1021.

The Commissioner did not appeal the district court's holding that the ALJ erred in discounting Henderson's credibility and the evaluations of his treating physician. We agree that the ALJ failed to provide a legally sufficient reason to reject Henderson's testimony and the opinion of his treating physician.

If the improperly discredited evidence were credited as true, the ALJ would be required to find Henderson disabled on remand.[1] The treating doctor deemed Henderson disabled, Henderson testified to severe pain, and a vocational expert explicitly testified that a person with the impairments described by Henderson could not work. Such a finding by the vocational expert is a sufficient basis upon which to remand for determination of benefits. Accordingly, Henderson satisfies the requirements of the credit-as-true standard.

---

[1] "At this stage of the credit-as-true analysis, [the court does] not consider arguments against crediting evidence that the ALJ did not make. In other words . . . [the court does] not consider 'whether the ALJ *might* have articulated a justification for rejecting [a medical] opinion.'" *Garrison*, 759 F.3d at 1022, n.29 (quoting *Harman*, 211 F.3d at 1179 (third alteration in original)).

The next question is whether we should nonetheless remand for further proceedings. A review of the record as a whole indicates that there may be some doubt that Henderson is disabled, but not "serious doubt." *Garrison*, 759 F.3d at 1021. Notably, the evidence consists of the magnetic resonance imaging findings, Henderson's consistently high level of pain, the treating physician's findings regarding Henderson's residual functional capacity and use of a wheelchair, and the testimony regarding his limited daily activities. Because all the conditions of the credit-as-true rule are met and there is no *serious* doubt regarding Henderson's disability, the district court abused its discretion when it did not remand for an award of benefits. *See id.* at 1020 (stating that this court has, "in a number of cases, stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when all of these conditions are met").

Therefore, we must reverse the judgment of the district court and instruct it to remand the case to the agency with an instruction to calculate and award benefits.

**REVERSED WITH INSTRUCTIONS TO REMAND FOR AN AWARD OF BENEFITS.**